UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:25-CV-82-TLS-AZ |
| MILLER and ZACH SHIFFLETT, | |
| Defendants. | |

**OPINION AND ORDER**

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog alleges that on November 9, 2024, he and his cellmate in the DeKalb County Jail had spent the whole day playing chess, talking, and singing. He contends the singing was not loud or obnoxious, but around 10:00–10:30 p.m., Corporal Miller came to do his round and ordered the two of them to "shut the fuck up" and threatened to put them in the wrap[1] if they did not comply. Herzog and his cellmate protested that they were just singing, and Miller again

---

[1] The Court assumes Herzog is referring to being placed in a special restraint system called the WRAP. *See The WRAP by Safe Restraints*, https://www.commandsourcing.com/wrap.html (last visited Mar. 24, 2025).

ordered them to "shut the fuck up" and called them "bitches." ECF No. 1 at 2. Miller then stormed out.

> The next day, Herzog filed a grievance about the incident, and Zach Shifflett responded:
>
> I saw Cpl. Miller on camera for the first jail check, which is the one I am assuming you are talking about. Initially, it looked like he is addressing some issue with the entire block. Possibly due to a noise or behavioral issue that was coming from the block. I will speak to him to figure out what the issue was in the block.

*Id.*

Herzog alleges Corporal Miller and Zach Shifflett subjected him to harassment and name calling and denied him his right to free speech.

Herzog alleges he is a pretrial detainee, which means Fourteenth Amendment standards apply to this case. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Harassment of a pretrial detainee could be a constitutional violation under the Fourteenth Amendment if the harassment rises to the level of "punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). An action can amount to punishment "if it is 'imposed for the purpose of punishment,'" or if it "is not reasonably related to a legitimate goal—if it is arbitrary or purposeless." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979)). However, a condition must, objectively, rise to a certain level before the Fourteenth Amendment is implicated. *See Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to the level of a constitutional concern. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025). Here, although Corporal Miller's language was unprofessional, his behavior does not come close to constituting punishment under the Fourteenth Amendment. *Cf. DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (finding, under an Eighth Amendment standard, rude

language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution").

Additionally, Herzog does not have a First Amendment right to sing at night after being ordered to stop. His First Amendment rights are necessarily limited by his detention in the DeKalb County Jail. "[O]fficials have broad discretion to regulate prisoners' speech when consistent with 'legitimate penological interests.'" *Watkins v. Kasper*, 599 F.3d 791, 796 (7th Cir. 2010) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Herzog, thus, needs to plausibly allege that "he engaged in this speech in a manner consistent with legitimate penological interests." *Id.* In analyzing whether speech meets this standard, courts look to the *Turner* factors: (1) whether the restriction is rationally connected to a legitimate government objective; (2) whether there is an "alternative means of exercising" the restricted right; (3) what impact the restriction would have on other inmates as well as prison staff and facility resources; and (4) the existence of other options that would suggest the prison is exaggerating its concerns. *Turner*, 482 U.S. at 89–91.

Here, there is no plausible basis to conclude that Corporal Miller violated Herzog's First Amendment rights by telling him to stop singing. It was after 10:00 p.m., an hour when many people go to sleep. Thus, the restriction on singing is rationally related to the legitimate government objective of preparing the inmates for lights out. Herzog asserts that the singing was not loud, but it was loud enough for Miller to hear it outside of the cell. Therefore, the restriction would have a positive impact on the other inmates by providing a quiet atmosphere at night. Herzog would be able to continue singing the next day, as he was not prevented from singing earlier in the day, so he has alternative means of singing. Finally, there are no apparent

alternatives to ordering him to stop that would allow Herzog to continue singing in his cell at night, so the order is not an exaggerated response.

Herzog also does not state a claim against Zach Shifflett for his role in responding to Herzog's grievance about Corporal Miller's actions. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). That is so here, where these trivial complaints cannot be bootstrapped into a constitutional violation.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on March 26, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
